FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

February 13, 2018

Elisabeth A. Shumaker
Clerk of Court

DR. MARTIN WOESLER,

    Plaintiff - Appellant,

v.

UTAH VALLEY UNIVERSITY; STATE OF UTAH,

    Defendants - Appellees.

No. 16-4190
(D.C. No. 2:13-CV-01023-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Martin Woesler appeals the grant of summary judgment in favor of defendants Utah Valley University ("UVU") and the State of Utah on his Title VII claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Woesler, a Caucasian male of German descent, was selected for a one-year tenure-track position as coordinator of UVU's Chinese Studies program. During his employment, Woesler experienced strained relationships with some of his colleagues. One incident involved a professor of Chinese Language named Alex Guofang Yuan,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

who remarked to Woesler that "a white guy like you should better not teach Chinese" and "[w]e have natives that can do that." Another incident involved Woesler's decision to hang a student-created poster of a couple that consisted of a Caucasian man and an Asian woman. An assistant professor named Leo Chan objected, calling the poster racist and sexist. A series of inharmonious interactions surrounding promotion of Woesler's classes followed. After Woesler was denied tenure, he sued UVU and the State of Utah, alleging four causes of action under Title VII: race discrimination, national origin discrimination, gender discrimination,[1] and retaliation. The parties consented to have a magistrate judge conduct all proceedings. Woesler timely appeals the magistrate judge's grant of summary judgment in favor of defendants.

## II

We review a grant of summary judgment de novo. Lounds v. Lincare, Inc., 812 F.3d 1208, 1220 (10th Cir. 2015). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard, we "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). However, "[a] mere scintilla of evidence supporting the nonmoving party's theory does not create a

---

[1] Woesler has abandoned his gender discrimination claim on appeal.

genuine dispute of material fact." Anderson v. Coors Brewing Co., 181 F.3d 1171, 1175 (10th Cir. 1999).

### III

We conclude that Woesler did not offer sufficient evidence of a hostile work environment. Proving a hostile work environment requires "more than a few isolated incidents" of enmity based on a plaintiff's race or national origin. Bolden v. PRC Inc., 43 F.3d 545, 551 (10th Cir. 1994) (quotation omitted). The single remark made by Yuan and the single objection to Woesler's poster do not suggest his workplace was "permeated with discriminatory intimidation, ridicule, and insult, that [are] sufficiently severe or pervasive to alter the conditions of [Woesler's] employment and create an abusive working environment." Davis v. U.S. Postal Serv., 142 F.3d 1334, 1341 (10th Cir. 1998) (quotations omitted).

We also reject Woesler's Faragher-Ellerth theory of liability. Under this doctrine, "[i]f the harassing employee is a supervisor . . . the employer is vicariously liable whenever the harassment culminates in a tangible employment action." Vance v. Ball State Univ., 133 S. Ct. 2434, 2456 (2013) (citing Faragher v. City of Boca Raton, 524 U.S. 775, 807-08 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 764-65 (1998)). Because Woesler was not subjected to a hostile environment based on his race or national origin, this theory necessarily fails. See Ellerth, 524 U.S. at 765 ("An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee.").

3

Woesler's disparate treatment claim was also properly rejected. Woesler argues that he and Yuan were "similarly situated employees," Carney v. City & Cty. of Denver, 534 F.3d 1269, 1273 (10th Cir. 2008), because they were both untenured and governed by the same policies and regulations. Assuming Yuan was similarly situated, Woesler provides no evidence that Department of Languages Chair Baldomero Lago or any other supervisor treated Yuan differently based on race or national origin, or that the alleged disparate treatment was related to UVU's decision to deny Woesler tenure. As a result, any claim of disparate treatment fails. See Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1227 (10th Cir. 2000) ("The critical prima facie inquiry in all [Title VII] cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination." (quotation omitted)).[2]

Finally, we affirm as to Woesler's retaliation claim. To prevail on such a claim, a plaintiff must show "that a causal connection existed between the protected activity and the materially adverse action." Estate of Bassatt v. Sch. Dist. No. 1, 775 F.3d 1233, 1238 (10th Cir. 2014). Specifically, a Title VII retaliation claim requires

---

[2] We need not explicitly address Woesler's argument that the magistrate judge erred in the final prong of the test established in McDonnell Douglas Corp. v. Green, 487 F.3d 792, 802 (1973). Because Woesler has not shown that "similarly situated [] employees . . . were treated differently" based on race or national origin, E.E.O.C. v. Flasher Co., Inc., 986 F.2d 1312, 1316 (10th Cir. 1992) (quotation omitted), it follows that he has failed to adduce evidence that his denial of tenure "took place under circumstances giving rise to an inference of discrimination," E.E.O.C. v. PVNF, LLC, 487 F.3d 790, 800 (10th Cir. 2007), as required under the third prong of the test established in McDonnell Douglas, 487 F.3d at 802.

proof that the defendant's desire to retaliate was the "but-for" cause of the challenged employment action. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013). Woesler fails on the causation requirement because he did not present evidence sufficient to prove that UVU's stated reasons for denying him tenure were pretextual.[3] We also reject Woesler's theory of subordinate bias, under which a Title VII plaintiff may establish pretext by showing that "a biased subordinate, who lacks decisionmaking power, use[d] the formal decisionmaker as a dupe in a deliberate scheme to trigger a discriminatory employment action." E.E.O.C. v. BCI Coca-Cola Bottling Co. of L.A., 450 F.3d 476, 484 (10th Cir. 2006). Woesler failed "to demonstrate a causal relationship between [Yuan's] actions and the employment decision." Id. at 488.

## IV

**AFFIRMED**.

                Entered for the Court

                Carlos F. Lucero
                Circuit Judge

---

[3] We decline to address Woesler's argument that the magistrate judge erred in applying the same-actor and same-class inferences. Even assuming the magistrate judge did so err, Woesler's race discrimination, national origin discrimination, and retaliation claims would nevertheless fail because he has not shown that UVU's stated reasons for the tenure denial were pretextual. See Antonio v. Sygma Network, Inc., 458 F.3d 1177, 1183 (10th Cir. 2006) (noting that, even when the same-actor inference is applied, "the plaintiff still has the opportunity to present countervailing evidence of pretext" (quotation and brackets omitted)).

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

February 13, 2018

Chris Wolpert
Chief Deputy Clerk

Mr. James Raymond Tanner
Tanner Law Office
250 South Main
Tooele, UT 84074

**RE:**   **16-4190, Woesler v. Utah Valley University, et al**
Dist/Ag docket: 2:13-CV-01023-DBP

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc: Alain C. Balmanno
 Timothy D. Evans
 J. Clifford Petersen

EAS/dd

Case 2:13-cv-01023-DBP Document 77 Filed 03/07/18 Page 7 of 7
Appellate Case: 16-4190 Document: 01019943882 Date Filed: 02/13/2018 Page: 2

2